UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HARRY CRANDALL,

                  Plaintiff,

    - against -

HARBOR FREIGHT TOOLS, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 1:22-CV-0828 (GLS/CFH)

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Harbor Freight Tools USA, Inc. (incorrectly sued as "Harbor Freight Tools, Inc." and hereinafter "Harbor Freight Tools"), by and through its attorneys Clyde & Co US LLP, files its Notice of Removal to this Court of an action pending against it in the Supreme Court of the State of New York, County of Washington. Removal is based on the following grounds:

    1.    Plaintiff Harry Crandall commenced this action against Harbor Freight Tools in the Supreme Court of the State of New York, County of Washington, by filing a Complaint on or about March 11, 2022. A copy of the Complaint is annexed hereto as Exhibit "A."

    2.    In his Complaint, Plaintiff seeks recovery for personal injuries he allegedly sustained on December 11, 2020 when "the blade of a wrench broke off into several pieces and struck Plaintiff in the eye." *See* Exhibit "A", ¶ 13.

    3.    The Complaint alleges that "at times hereafter mentioned, Plaintiff was and still is a resident of Washington County, State of New York." Ex. "A", ¶ 1.

    4.    With respect to the amount in controversy, the Complaint did not demand a particular amount of damages, but only sought judgment "in a sum which exceeds the jurisdictional limits of all lower courts." Ex. "A", Wherefore Clause.

5.      Harbor Freight Tools served and filed its Answer on June 21, 2022. A copy of Harbor Freight Tools' Answer is annexed hereto as Exhibit "B".

6.      In its Answer, Harbor Freight Tools admitted that it is incorporated outside of the State of New York. *See* Exhibit "B", ¶ 3.

7.      Harbor Freight Tools is incorporated in Delaware and has its principal place of business in Calabassas, California.  A true and correct copy of the "Entity Details" for Harbor Freight Tools from the State of Delaware, Department of State: Division of Corporations is annexed hereto as Exhibit "C".

8.      On June 27, 2022, Harbor Freight Tools served upon Plaintiff a Supplemental Request for Demand pursuant Civil Practice Law and Rules § 3017(c), requesting that Plaintiff set forth the total damages to which he deems himself entitled.  A copy of the Supplemental Request for Demand is annexed hereto as Exhibit "D".

9.      On July 12, 2022, Plaintiff served his Response to Defendant's Request for Supplemental Demand Pursuant to CPLR § 3017(c), alleging "that he is entitled to Two Million Dollars ($2,000,000)" in damages.  A copy of Plaintiff's Response to Defendant's Request for Supplemental Demand is annexed hereto as Exhibit "E".

10.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between Plaintiff, a citizen of New York, and Harbor Freight Tools, a citizen of Delaware and California,[1] and the amount in controversy exceeds $75,000.

11.     Harbor Freight Tools is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332, 1441 and 1446.

---

[1] *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has it has its principal place of business. . . .").

12.    This Notice of Removal is timely as it is being filed within 30 days of receipt by Harbor Freight Tools of the "other paper from which it may first be ascertained that the case is one which is or has become removable" (*see* 28 U.S.C. § 1446(b)(3)), *i.e.,* Plaintiff's Response to Defendant's Request for Supplemental Demand.

13.    Concurrently with the filing of this Notice, Harbor Freight Tools is giving notice of removal to Plaintiff and is filing a copy of this Notice with the Clerk of Court of the Supreme Court of the State of New York, County of Washington.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "F".

WHEREFORE, defendant Harbor Freight Tools USA, Inc. respectfully requests that this action be removed to this Court.

Dated: New York, New York
      August 5, 2022

                              Yours, etc.,

                              CLYDE & CO US LLP

                              By:_____
                                    Christopher Carlsen
                                    Nicholas Magali
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174
                              (212) 710-3900

                              *Attorneys for Defendant*
                              *Harbor Freight Tools USA, Inc.*

To:     James Resila, Esq.
        Schwab & Gasparini, PLLC
        109 Warren Street, Suite 306
        Syracuse, New York 13202
        (315) 422-1333
        Attorneys for Plaintiff

EXHIBIT "A"

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM
NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

**STATE OF NEW YORK**
**SUPREME COURT    COUNTY OF WASHINGTON**

---

| | |
|---|---|
| **HARRY CRANDALL,** | **SUMMONS** |
| **Plaintiffs,** | |
| | **Index No.:** |
| v. | |
| | **Basis of venue is Residence of Defendant and Situs of Injury** |
| **HARBOR FREIGHT TOOLS, INC.** | |
| **Defendants.** | |

---

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED,** to answer the Verified Complaint of the plaintiff, **HARRY CRANDALL,** copies of which are herewith served upon you, and to serve copies of your Verified Answer upon the undersigned attorneys for the said plaintiff, SCHWAB & GASPARINI, PLLC, 109 S. Warren Street, Suite 306, Syracuse, New York 13202, within twenty (20) days after service of the Summons and Complaint if service is made personally upon you in the State of New York, exclusive of the day of service, or within thirty (30) days if such service is made by any other method, and in case of your failure to answer the Verified Complaint, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Syracuse, New York
      March 11, 2022

                        Yours, etc.,

                        SCHWAB & GASPARINI, PLLC

                By:

                    JAMES A. RESILA, Esq.
                    Attorneys for Plaintiff
                    109 S. Warren Street, Suite 306
                    Syracuse, New York 13202
                    (315) 422-1333

To:    Harbor Freight Tools
        224 Harbor Freight Rd.
        Dillon, SC 29536

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM

NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

**STATE OF NEW YORK**
**SUPREME COURT   COUNTY OF WASHINGTON**

---

**HARRY CRANDALL,**

                    **Plaintiffs,**

       **v.**

**HARBOR FREIGHT TOOLS, INC.**

                  **Defendants.**

**COMPLAINT**

**Index No.:**

---

The plaintiff, HARRY CRANDALL, complaining of the defendants, by and through his counsel, SCHWAB & GASPARINI, PLLC, respectfully allege the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1.     That at times hereinafter mentioned, the Plaintiff was and still is a resident of Washington County, State of New York.

2.     That at all times hereinafter mentioned, upon information and belief, the Defendant, HARBOR FREIGHT TOOLS, INC. was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

3.     That at all times herein after mentioned, upon information and belief, the Defendant, HARBOR FREIGHT TOOLS, INC., was and still is a foreign limited liability company duly incorporated outside New York.

4.     That at all time hereinafter mentioned, upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC. was and still is a foreign limited liability company authorized to do business in the State of New York.

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM

NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

5.     That at all times hereinafter mentioned, upon information and belief, the Defendant, HARBOR FREIGHT TOOLS, INC. was and still is a business entity doing business within the State of New York.

6.     That at all times hereinafter mentioned, upon information and belief, the Defendant, HARBOR FREIGHT TOOLS, INC.  was and still is a limited liability company authorized to do business in the State of New York.

7.     That at all times herein after mentioned, upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC.  was engaged in business of designing, manufacturing, assembling, advertising, marketing and selling tools and in pursuance of this business, transacts business within the State of New York.

8.     That at all times hereinafter mentioned, upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC. committed a tortious act inside the State of New York.

9.     That at all times hereinafter mentioned upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC. committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

10.    That at all times hereinafter mentioned, upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC.  regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

11.    That at all times hereinafter mentioned, upon information and belief, the defendant, HARBOR FREIGHT TOOLS, INC.  expects or should reasonably expect its acts to

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM
NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 03/11/2022

have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

## AS AND FOR A FIRST CAUSE OF ACTION

12.     That at all times hereinafter mentioned, upon information and belief, on the date prior to the 11th day of December, 2020, the defendant, HARBOR FREIGHT TOOLS, INC. its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain wrench.

13.     That at all times hereinafter mentioned, upon information and belief, on a date prior to the 11th day of December, 2020, the defendant, HARBOR FREIGHT TOOLS, INC. did sell and distribute the aforesaid wrench to its usual purpose in the removal of a nut, the wrench's blade broke off into several pieces and struck Plaintiff in the eye, thereby causing the Plaintiff to sustain severe and serious injuries.

14.     That the aforesaid accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the Defendant herein.

15.     That the defendant, HARBOR FREIGHT TOOLS, INC. its agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, designing, manufacturing, fabricating, producing, selling, distributing and placing into the stream of commerce the aforesaid wrench, and its component parts, which was hazardous, defective and/or not reasonably safe, in providing a wrench whose blades were prone to break and become dislodged, thereby posing a risk that the wrench would break and strike the user of the tool, in providing a wrench whose blades were not adequately prepared to meet the requisite services so that the wrench became broken during its use; in providing a wrench composed of weak, cracked and otherwise defective material so that the wrench would become dislodged during use in

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM

NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

providing a defective wrench and Defendant was negligent, careless and reckless in other respects and manner.

16.     The limited liability provisions of the CPLR 1601 do not apply pursuant to one or more of the exceptions of CPLR 1602.

17.     That as a result of the aforesaid accident, this plaintiff was caused to sustain severe and serious personal injuries to his body, some of which, upon information and belief, are permanent with permanent effects of pain and disability. Further, this plaintiff was caused to expend and became obligated for diverse sums of money as a result of this accident. Furthermore, the Plaintiff was caused to lose some periods of time from his normal vocation, and upon information and belief, may continue in that way into the future.

18.     That by reason of the forgoing, this Plaintiff was damaged in the sum which exceeds the jurisdictional limits of all lower` court which would have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

19.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "18" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

20.     That the defendant, HARBOR FREIGHT TOOLS, INC. warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid wrench and its component parts to all foreseeable person using same that the said tool and its component parts were properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose` for which they intended and that the said tool and its component parts were safe, proper, merchantable and fir for its intended purpose.

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM

NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

21.     That the plaintiff relied upon such express and/or implied warranties.

22.     That the use to which the said wrench was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the Defendant, HARBOR FREIGHT TOOLS, INC. prior to the time of the sale of the tool and its component parts.

23.     That the defendant, HARBOR FREIGHT TOOLS, INC. breached said express and/or implied warranties.

24.     That the use to which the said wrench was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the Defendant, HARBOR FREIGHT TOOLS, INC. prior to the time of the sale of the too and its component parts.

25.     That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Court which would have jurisdiction of this matter.

### AS AND FOR A THIRD CAUSE OF ACTION

26.     This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "18" of the First Cause of Action and paragraphs numbered "20" through "25" of the Second Cause of Action, with the same force and effect as if more fully set forth herein at length.

27.     That the defendant, HARBOR FREIGHT TOOLS, INC. designed, manufactured, assembled and put into circulation, namely the aforesaid wrench and its components parts.

28.     That the said tool and its component parts was not suited for its purpose and was defective at the time it left the control of the Defendant.

29.     That the defendant, HARBOR FREIGHT TOOLS, INC. assumed a strict products liability to users and to persons injured by the aforesaid tool and its component parts, including this Plaintiff.

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM
NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 03/11/2022

30.     That by reason of the assumption by each of the defendants of the strict products liability, and the injuries resulting therefrom to the plaintiff, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower court which would have jurisdiction of this matter.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

(1) In a sum which exceeds the jurisdictional limits of all lower court which the jury would find to be fair, adequate and just on the First Cause of Action;

(2) In a sum which exceeds the jurisdictional limits of all lower court which the jury would find to be fair, adequate and just on the Second Cause of Action;

(3) In a sum which exceeds the jurisdictional limits of all lower court which the jury would find to be fair, adequate and just on the Third Cause of Action.

Dated: March 11, 2022
Syracuse, New York

James Resila, Esq.
Schwab & Gasparini, PLLC
Attorneys for Plaintiff
109 S. Warren Street, Suite 306
Syracuse, New York, 13202
Phone: (315) 422-1333
Fax: (315) 671-5013
JResila@schwabgasparini.com

FILED: WASHINGTON COUNTY CLERK 03/11/2022 04:13 PM

NYSCEF DOC. NO. 1

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 03/11/2022

STATE OF NEW YORK    )
COUNTY OF ALBANY    )    ss:

    I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

    I am the attorney of record, or of counsel with the attorney(s) of record, for the Plaintiff. I have read the annexed Verified Complaint know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    My belief, as to those matters therein not stated upon knowledge, is based upon the following;

    Facts and information contained in deponent's file. The reason I make this affirmation instead of the Plaintiff is because the plaintiff resides outside of the County where deponent maintains his office.

    I affirm that the forgoing statements are true under the penalties of perjury.

Dated: March 11, 2022

JAMES A. RESILA, ESQ.

ATTORNEY(s) : Schwab & Gasparini, PLLC
INDEX # : EC2022-33787
PURCHASED/FILED : March 11, 2022
STATE OF : NEW YORK
COURT : Supreme
COUNTY/DISTRICT : Washington

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Harry Crandall

Plaintiff(s)

against

Harbor Freight Tools, Inc.

Defendant(s)

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 60 yrs |
| COUNTY OF ALBANY  )SS | | | |
| CITY OF ALBANY    ) | Weight: 120 lbs  Height:  5' 1"  Sex: Female  Color of skin: White | | |

Hair color:  Brown   Other:

**Sean Warner**                    , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **March 25, 2022**        , at  **12:55 PM** , at the office of the  Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons and Complaint with Notice of Electronic Filing**

on

**Harbor Freight Tools, Inc.**

the Defendant in this action, by delivering to and leaving with                    **Nancy Dougherty**

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of            $40        dollars; That said service

was made pursuant to Section  **BUSINESS CORPORATION LAW §306**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

25th  day of              March, 2022

ROBERT GUYETTE
Notary Public State of New York
01GU6382699 RENSSELAER COUNTY
Commission Expires OCTOBER 29, 2022

Sean Warner

**Invoice·Work Order #** 2210514
Attorney File # **Crandall**

MAY 2 0 2022

EXHIBIT "B"

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM
NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 06/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WASHINGTON

------------------------------------- X

HARRY CRANDALL,                        :
                                       :
                    Plaintiff,         :        Index No.: EC2022-33787
                                       :
        - against -                    :        **ANSWER OF DEFENDANT**
                                       :
HARBOR FREIGHT TOOLS, INC.,            :
                                       :
                    Defendant.         :
                                       :
                                       :
------------------------------------- X

Defendant Harbor Freight Tools USA, Inc. (incorrectly named herein as "Harbor Freight

Tools, Inc." and hereinafter "HFT"), by and through its attorneys, Clyde & Co US LLP, answers

the Complaint of Plaintiff Harry Crandall as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint.

3.      Denies the allegations in paragraph 3 of the Complaint, except admits that HFT is

incorporated outside of New York State.

4.      Denies the allegations in paragraph 4 of the Complaint, except admits that HFT is

authorized to do business in New York State.

5.      Admits the allegations in paragraph 5 of the Complaint.

6.      Denies the allegations in paragraph 6 of the Complaint, except admits that HFT is

authorized to do business in New York State.

7.      Denies the allegations in paragraph 7 of the Complaint, except admits that HFT

designs, advertises, markets and sells tools, and that it transacts business in New York State.

945026v1

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM                INDEX NO. EC2022-33787
NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 06/21/2022

8.      Denies the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that HFT conducts business in New York State, and leaves all questions of law to be decided by the Court.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admits that HFT derives revenue from interstate or international commerce, and leaves all questions of law to be decided by the Court.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Denies the allegations in paragraph 14 of the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint.

16.     Denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and leaves all questions of law to be decided by the Court.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION

19.     Answering paragraph 19 of the Complaint, HFT repeats, reiterates and realleges its responses in paragraphs 1-18 above as if set forth fully and at length herein.

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM
NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 06/21/2022

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Denies the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

26.     Answering paragraph 26 of the Complaint, HFT repeats, reiterates and realleges its responses in paragraphs 1-25 above as if set forth fully and at length herein.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint, and leaves all questions of law to be decided by the Court.

30.     Denies the allegations in paragraph 30 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

31.     The Complaint fails to state a cause of action upon which relief may be granted.

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM INDEX NO. EC2022-33787

NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 06/21/2022

## SECOND AFFIRMATIVE DEFENSE

32.    The injuries, if any, sustained by plaintiff were caused, in whole or in part, by the negligence or culpable conduct of plaintiff and, therefore, plaintiff's damages should be diminished in accordance with the degree of culpability and fault attributed to him.

## THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff's alleged injuries resulted from the acts or omissions of parties other than HFT and for whom HFT is not responsible and, therefore, HFT is not liable to plaintiff or, alternatively, its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

34.    Any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs or any of their equivalents, that the Court finds was, or will be with reasonable certainty, replaced or indemnified, in accordance with CPLR 4545(c).

## FIFTH AFFIRMATIVE DEFENSE

35.    The liability of HFT, if any, is limited in accordance with the provisions of Article 16 of the CPLR.

## SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by HFT, or by a person or entity for whom HFT is responsible.

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM
NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 06/21/2022

## SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff has failed to mitigate his losses, if any.  Accordingly, plaintiff is barred in whole or in part from any recovery against HFT.

## EIGHTH AFFIRMATIVE DEFENSE

38.     Plaintiff assumed the risk of any injury or damage alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

39.     The alleged acts or omissions of HFT were not proximate causes of any damages allegedly sustained by plaintiff.

## TENTH AFFIRMATIVE DEFENSE

40.     To the extent that it is proven that any warranty existed for the product described in the Complaint, plaintiff did not rely upon same.

## ELEVENTH AFFIRMATIVE DEFENSE

41.     To the extent that it is proven that any warranty existed for the product described in the Complaint, plaintiff did not provide HFT a reasonable opportunity to correct any alleged breaches of same.

## TWELFTH AFFIRMATIVE DEFENSE

42.     To the extent it is proven that any warranty existed for the product described in the Complaint, plaintiff's claims are barred due to contractual limitations of remedies contained therein.

## THIRTEENTH AFFIRMATIVE DEFENSE

43.     To the extent it is proven that any warranty existed for the product described in the Complaint, plaintiff's claims are barred because plaintiff and/or others misused the product in question and/or otherwise did not comply with warranty conditions.

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM

NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 06/21/2022

## FOURTEENTH AFFIRMATIVE DEFENSE

44.     To the extent it is proven that any warranty existed for the product described in the Complaint, plaintiff's claims are barred due to disclaimers contained therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's claims against HFT are barred because the product described in the Complaint was a reasonably safe product at the time it left the possession, custody and/or control of HFT.

## SIXTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff's claims against HFT are barred because the product described in the Complaint was misused or used in an unauthorized, unforeseeable, or unintended manner.

## SEVENTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims against HFT are barred because the product described in the Complaint was designed and/or manufactured in accordance with the state of the art of the applicable industry.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims against HFT are barred because the produce described in the Complaint was sold to a sophisticated intermediary.

## NINETEENTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims against HFT in this case are barred by the applicable statute of limitations and/or statute of repose.

## TWENTIETH AFFIRMATIVE DEFENSE

50.     That if any sums or consideration were paid or promised to plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in plaintiff's

6

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM
NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787
RECEIVED NYSCEF: 06/21/2022

Complaint, the Court shall reduce any judgment rendered in favor of plaintiff as against HFT to the extent of the greater of either the sums or consideration paid or promised to plaintiff or the amount of the released tortfeasor's equitable share of the damages (*see* G.O.L. § 15-108).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

51.    The Complaint should be dismissed because plaintiff failed to join necessary and indispensable parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

52.    The Complaint should be dismissed because HFT did not design, manufacture, produce, sell, distribute or furnish the product described in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

53.    The Complaint should be dismissed because any alleged defects in the product described in the Complaint were caused by a substantial change in the product after it left the possession, custody and/or control of HFT.

WHEREFORE, Harbor Freight Tools USA, Inc. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 21, 2022

CLYDE & CO US LLP

By_____
      Christopher Carlsen
      Nicholas Magali
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10174
      212-710-3000
      Attorneys for Defendant

7

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM          INDEX NO. EC2022-33787

NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 06/21/2022

To:     James Resila, Esq.
        Schwab & Gasparini, PLLC
        109 Warren Street, Suite 306
        Syracuse, New York 13202
        (315) 422-1333
        JResila@schwabgasparini.com

        Attorneys for Plaintiff

FILED: WASHINGTON COUNTY CLERK 06/21/2022 04:36 PM

NYSCEF DOC. NO. 3

INDEX NO. EC2022-33787

RECEIVED NYSCEF: 06/21/2022

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )

I, the undersigned, am an attorney admitted to practice in the courts of New York State:

1.      I am a member of the law firm of CLYDE & CO US LLP, attorneys for defendant Harbor Freight Tools USA, Inc.

2.      I have read the foregoing Answer and am familiar with the contents thereof.  The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  As defendant is not in the county in which I maintain my office, this Verification is made by its attorney rather than this defendant.

3.      The source of my information and the grounds for my beliefs are correspondence and conferences with defendant and review of various documents related to this matter.

I affirm that the foregoing statements are true under the penalties of perjury

Dated:  June 21, 2022

_____
Christopher Carlsen

EXHIBIT "C"

Delaware.gov                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

| | |
|---|---|
| **HOME** | Entity Details |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 2791825 | Incorporation Date / Formation Date: | 9/3/1997 (mm/dd/yyyy) |
| Entity Name: | **HARBOR FREIGHT TOOLS USA, INC.** | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **CORPORATE CREATIONS NETWORK INC.** | | |
| Address: | **3411 SILVERSIDE ROAD TATNALL BUILDING STE 104** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19810** |
| Phone: | | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.
Would you like ◯ Status ◯ Status,Tax & History Information

Submit

View Search Results          New Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WASHINGTON
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HARRY CRANDALL,                                    :
                                                   :
                        Plaintiff,                 :          Index No.: EC2022-33787
                                                   :
        - against -                                :          **REQUEST FOR**
                                                   :          **SUPPLEMENTAL DEMAND**
HARBOR FREIGHT TOOLS, INC.,                        :          **PURSUANT TO CPLR §**
                                                   :          **3017(C)**
                        Defendant.                 :
                                                   :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        PLEASE TAKE NOTICE that, pursuant to CPLR § 3017(c), Defendant Harbor Freight

Tools USA, Inc. (incorrectly named herein as "Harbor Freight Tools, Inc." and hereinafter

"HFT"), by and through its attorneys, Clyde & Co US LLP, hereby requests that plaintiff, within

fifteen (15) of the date of this request, provide the following to the undersigned: A supplemental

demand setting forth the total damages to which plaintiff deems himself entitled.

Dated: New York, New York
       June 27, 2022

                                        CLYDE & CO US LLP


                                        By_____
                                             Christopher Carlsen
                                             Nicholas Magali
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        212-710-3000
                                        Attorneys for Defendant


To:     James Resila, Esq.
        Schwab & Gasparini, PLLC
        109 Warren Street, Suite 306
        Syracuse, New York 13202
        (315) 422-1333
        Attorneys for Plaintiff

EXHIBIT "E"

**STATE OF NEW YORK**
**SUPREME COURT    COUNTY OF WASHINGTON**

| | |
|---|---|
| **HARRY CRANDALL,** | **RESPONSE TO** |
|            **Plaintiffs,** | **DEFENDANT'S REQUEST** |
| | **FOR SUPPLEMENTAL** |
| | **DEMAND PURSUANT TO** |
|     **v.** | **CPLR § 3017(c)** |
| | |
| **HARBOR FREIGHT TOOLS, INC.** | |
| | |
|            **Defendants.** | |

      Plaintiff as and for a response to Defendant's Supplemental Request for Demand Pursuant to CPLR § 3017c  hereby set forth that he is entitled to Two Million Dollars ($2,000,000) regarding the injuries to which he believes are self-entitled.

Dated:  Syracuse, New York
        July 12, 2022

                        Yours, etc.,

                        SCHWAB & GASPARINI, PLLC

                        *James A. Resila*

              By:
                        JAMES A. RESILA, Esq.
                        Attorneys for Plaintiff
                        109 S. Warren Street, Suite 306
                        Syracuse, New York 13202
                        (315) 422-1333

EXHIBIT "F"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WASHINGTON
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HARRY CRANDALL,

                    Plaintiff,

    - against -

HARBOR FREIGHT TOOLS, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: EC2022-33787

**NOTICE OF FILING NOTICE
OF REMOVAL**

S I R S:

      PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto as

Exhibit "A," has been filed by defendant Harbor Freight Tools USA, Inc. (incorrectly sued as

"Harbor Freight Tools, Inc.") with the Office of the Clerk of the United States District Court for

the Northern District of New York, Albany Division.

Dated: New York, New York
       August 5, 2022

                           CLYDE & CO US LLP

                           By_____
                             Christopher Carlsen
                             Nicholas Magali
                         The Chrysler Building
                         405 Lexington Avenue
                         New York, New York 10174
                         212-710-3000
                         Attorneys for Defendant

To:    James Resila, Esq.
       Schwab & Gasparini, PLLC
       109 Warren Street, Suite 306
       Syracuse, New York 13202
       (315) 422-1333
       JResila@schwabgasparini.com
       *Attorneys for Plaintiff*